IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARTHUR L. ROBINSON,

Defendant.                                                  No. 17-30041-DRH

**ORDER**

**HERNDON, District Judge:**

Pending before the Court are a motion to withdraw and request for appointment of counsel on appeal (Doc. 58) and a motion to proceed in forma pauperis on appeal (Doc. 59). Based on the following, the Court denies both of the motions.

On May 30, 2018, the Court sentenced Robinson to a term of imprisonment of 188 months as to Count 1 of the Indictment, with 3 years of supervised release to follow, and a special assessment of $100.00 (Doc. 51). Judgment reflecting the same was entered the next day (Doc. 55). During sentencing, Robinson was represented by retained counsel, Kristy L. Ridings. On June 11, 2018, Robinson, by and through retained counsel Ridings filed a notice of appeal (Doc. 57). Also that day, Robinson, by and through retained counsel Ridings filed the motions to withdraw and to proceed in forma pauperis on appeal.

In the motion to withdraw and request for appointment of counsel on appeal, retained counsel Ridings merely states that she was retained for the purposes of sentencing only; that defendant is indigent and does not have the funds to pay for attorneys' fees or transcripts on appeal. Seventh Circuit Rule 51(a) provides in part:

> "Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client wishing to appeal unless specifically relieved by the court of appeals upon a motion to withdraw."

Seventh Circuit Rule 51(a); *see also Flowers v. United States*¸ 789 F.2d 569 (7th Cir. 1986)(Only the Seventh Circuit may allow defense counsel to withdraw after judgment in the district court has been entered); *Corral v. United States*, 498 F.3d 470, 474 (7th Cir. 2007). Clearly, the motion to withdraw should have been filed with the Seventh Circuit Court of Appeals and not in the district court. Thus, the Court denies for lack of jurisdiction the motion to withdraw and request for appointment of counsel on appeal (Doc. 58).

In the motion to appeal in forma pauperis, Robinson simply states, without any documentation in support, that because of his poverty he cannot pay for the costs of an appeal. Seventh Circuit Rule 51(a) provides in part:

> "This motion must be accompanied by an affidavit containing substantially the same information contained in Form 4 of the Appendix to the Federal Rules of Appellate Procedure. If the motion is granted, the court of appeals will appoint trial counsel as appellate

counsel unless the district court informs the court of appeals that new counsel should be appointed. If the motion is denied by the district court, trial counsel may file a similar motion in the court of appeals."

Seventh Circuit Rule 51(a). Clearly, Robinson's motion to proceed in forma pauperis on appeal is insufficient. Without any documentation/affidavit regarding his financial status the Court cannot make an informed decision. Thus, the Court denies the motion to proceed in forma pauperis.

Accordingly, the Court **DENIES** for lack of jurisdiction the motion to withdraw and request for appointment of counsel on appeal (Doc. 58) and denies the motion to proceed in forma pauperis on appeal (Doc. 59). These motions should be re-filed with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.13
15:52:01 -05'00'

United States District Judge