IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30041-SMY |
| | ) |
| ARTHUR L. ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**YANDLE, District Judge:**

Defendant Arthur L. Robinson was sentenced on March 23, 2021 to 180 months' imprisonment for felon in possession of a firearm (Count 1) (Docs. 87, 88). Robinson recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 108). Following this Court's appointment, Attorney Talmage E. Newton, IV entered his appearance on Robinson's behalf in order to determine his eligibility for a sentence reduction (Doc. 112). Attorney Newton has now moved to withdraw, asserting that Robinson is ineligible for a sentence reduction under Amendment 821 (Doc. 113). Robinson has not objected.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024.  *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant.  If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Robinson's total offense level at sentencing was 30 and his criminal history category was IV.  Because Robinson was sentenced to the mandatory minimum sentence of 180 months, he is not eligible for a sentence reduction under Amendment 821.  Accordingly, the motion to withdraw (Doc. 113) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 108) is **DENIED**.

       **IT IS SO ORDERED.**

       **DATED: April 3, 2024**

                                                  **STACI M. YANDLE**
                                                  **United States District Judge**